Filed 1/25/22  P. v. Lam CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093413 |
| Plaintiff and Respondent, | (Super. Ct. No. 04F00144) |
| v. | |
| CHAN VENH LAM, | |
| Defendant and Appellant. | |

Defendant Chan Venh (John) Lam appeals from the trial court's order denying his petition for resentencing under Penal Code section 1170.95.[1]  Defendant contends the trial court erred in finding he did not make a prima facie case for relief after it conducted a flawed factual inquiry by reviewing the record of conviction under an incorrect standard of review.  He argues the trial court should have issued an order to show cause

---

[1]  Undesignated statutory references are to the Penal Code.

1

and allowed the petition to proceed for full consideration on its merits. We agree the trial court erred in denying defendant's petition and will remand the case for further proceedings.

PROCEDURAL BACKGROUND

Defendant, along with codefendants Hung Thieu Ly, Nicole Melissa Carroll, Jimmy Chi Cooc, and John Dich, was charged with first degree murder for his involvement in the shooting death of Matthew Seivert. On defendant's motion, we incorporated the record in defendant's earlier appeal, case No. C052280, by reference.

The following facts are summarized from our prior opinion. Defendant devised a plan whereby Carroll would phone Seivert and ask him to meet her at Tahoe Park; defendant and his friends would drive to the park, wait for Seivert, and then "jump" him or beat him up. That night, Seivert met Carroll at the park and they spoke for a few minutes. When Seivert returned to his car and tried to leave, the defendants blocked his path and Ly fired shots into the car, killing Seivert. (*People v. Ly, et al.* (Sept. 23, 2008, C052280) [nonpub. opn.] (*Ly*).) The jury was instructed, inter alia, with CALJIC No. 3.02 on the natural and probable consequences doctrine and whether murder was the natural and probable consequences of the assault. The jury found all five defendants guilty of first degree murder (§ 187, subd. (a)) and found true the special circumstance allegation that the shooter, defendant Hung Thieu Ly, committed the murder while lying in wait (§§ 190.2, subd. (a)(15), 12022.53, subds. (b)-(d)).

On May 6, 2020, defendant filed a petition for resentencing under section 1170.95. In the petition, defendant declared that a complaint, information, or indictment had been filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; that he was convicted of first or second degree murder pursuant to the felony-murder rule or the natural and probable consequences doctrine; and that he could not now be convicted of first or second degree murder based on the recent changes to sections 188 and 189. He requested

2

that the court appoint him counsel. The trial court appointed counsel and received briefing from the parties.

On January 7, 2021, the trial court denied defendant's petition. The trial court primarily relied on this court's prior opinion on direct appeal. The trial court stated this court previously concluded the jury's first degree murder verdicts and its true finding on Ly's lying-in-wait special circumstance "renders it virtually certain that the jury did not arrive at a murder verdict by using the felony-murder rule." (*Ly, supra*, C052280 [at p. 15].) As a result, the trial court found there is no issue as to felony murder in this case.

In addressing the applicability of the natural and probable consequences doctrine, the trial court found that it could not necessarily find that the jury convicted defendant under that theory. The trial court found that this court was "merely theorizing" when we previously stated, "once the jury found that murder was a natural and probable consequence of the target crime of assault, the only conceivable verdict as to the other defendants that is consistent with the evidence and special circumstance finding was first degree murder." (*Ly, supra*, C052280 [at p. 22].) Instead, the trial court found the jury could have convicted defendant on an alternate theory available at trial, such as conspiracy to commit murder by lying in wait, first degree murder by lying in wait, or express malice. The trial court concluded that defendant failed "to show that he could not be convicted of first or second degree murder under the [Senate Bill No.] 1437 versions of the law, were this matter to be retried." The trial court denied the petition without an evidentiary hearing.

## DISCUSSION

Defendant makes three related contentions of error: (1) the trial court was not permitted to review the record of conviction at the prima facie stage;[2] (2) the trial court

---

[2] Defendant "has no further argument regarding this issue" in light of the new holding in *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*).

3

erred in finding he did not make a prima facie case after it conducted a factual inquiry under an incorrect standard of review; and (3) the trial court's factual findings were erroneous. The People agree "remand is appropriate because [defendant] is not ineligible for resentencing as a matter of law." Because we must reverse the trial court's ruling as inappropriately based on factual inquiries at the prima facie stage, we need not address defendant's additional claims.[3]

## I

### *Statutory Background*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill 1437 also added section 1170.95, which allows those "convicted of felony murder or murder under the natural and probable consequences doctrine . . . [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder [or] murder under the natural and probable consequences doctrine . . . . [¶] (2) The petitioner was convicted of murder . . . following a trial or accepted a plea offer in lieu of a trial at which the petitioner could

---

[3] The enactment of Senate Bill No. 775 (2021-2022 Reg. Sess.), operative January 1, 2022, amending section 1170.95 to, among other changes, require a hearing at the prima facie stage, does not alter the analysis or remedy in this matter. References to section 1170.95 are to the current version.

have been convicted of murder . . . . [¶] (3) The petitioner could not presently be convicted of murder . . . because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

Section 1170.95 includes a prima facie determination. Under subdivision (b)(3), the trial court must appoint the defendant counsel if requested, take briefing from the parties, and then determine whether "the petitioner makes a prima facie showing that he or she is entitled to relief." (§ 1170.95, subd. (c).) In performing this preliminary screening function, courts are not limited to the allegations of the petition; rather, they may "rely on the record of conviction in determining whether that single prima facie showing is made." (*Lewis, supra*, 11 Cal.5th at p. 970.) Thus, if the record of conviction establishes the petition lacks merit, the trial court may deny the petition without conducting further proceedings. (*Id.* at p. 971 ["The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless"].)

"[W]hen assessing the prima facie showing, the trial court should assume all facts stated in the section 1170.95 petition are true. [Citation.] The trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law—for example, a petitioner's assertion that a particular conviction is eligible for relief where the crime is not listed in subdivision (a) of section 1170.95 as eligible for resentencing." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980, disapproved on other grounds in *Lewis, supra*, 11 Cal.5th at p. 963.) The "authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subd[ivision] (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*Drayton*, at p. 980.)

"If, accepting the facts asserted in the petition as true, the petitioner would be entitled to relief because he or she has met the requirements of section 1170.95[, subdivision ](a), then the trial court should issue an order to show cause. (§ 1170.95[, subd. ](c).)  Once the trial court issues the order to show cause under section 1170.95[, subdivision ](c), it must then conduct a hearing pursuant to the procedures and burden of proof set out in section 1170.95, subd[ivision] (d) unless the parties waive the hearing or the petitioner's entitlement to relief is established as a matter of law by the record.  (§ 1170.95, subd. (d)(2).)" (*People v. Drayton, supra*, 47 Cal.App.5th at pp. 980-981.)  At the evidentiary hearing, either party "may . . . offer new or additional evidence" but "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder . . ." under the current law.  (§ 1170.95, subd. (d)(3).)

## II

### *Murder Conviction*

Our Supreme Court has explained that section 1170.95, subdivision (c) requires "only a single prima facie showing." (*Lewis, supra*, 11 Cal.5th at p. 962.)  A trial court "may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, [but] the prima facie inquiry under subdivision (c) is limited.  Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause." '  [Citations.]  '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.'  [Citations.]  'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id.* at p. 971.)  While

6

appellate opinions "are generally considered to be part of the record of conviction. [Citation.] . . . [T]he probative value of an appellate opinion is case specific, and 'it is certainly correct that an appellate opinion might not supply all answers.' " (*Id.* at p. 972.) Thus, "[i]n reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Ibid.*)

Here, defendant stated in his initial declaration, inter alia, that he was convicted of first degree murder under the natural and probable consequences doctrine, which would not have supported a murder conviction after the changes to sections 188 and 189. The record of conviction does not disprove this statement as a matter of law. On the contrary, our opinion in the direct appeal from defendant's conviction notes the fact that the instructions given permitted the jury to find defendant guilty based on the natural and probable consequences doctrine. (*Ly, supra*, C052280.) The facts in defendant's record of conviction do not conclusively contradict defendant's allegation that the changes to sections 188 and 189 eliminated the theory under which he was convicted.

At this stage of the petition review process under section 1170.95, subdivision (c), the trial court should not have engaged in any factfinding or made any factual inferences about whether defendant could theoretically have been found guilty on a now-valid ground. (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815-816.) It was thus premature for the court to consider whether the facts in defendant's case supported a valid conviction under an alternate theory, such as conspiracy to commit murder by lying in wait, first degree murder by lying in wait, or express malice, under section 188. Assuming the facts asserted in defendant's petition were true, as the court was required to do, defendant fulfilled the eligibility requirements listed in section 1170.95, subdivision (a). (*Lewis, supra*, 11 Cal.5th at p. 972.) Thus, the trial court should have issued an order to show cause and held an evidentiary hearing. (*Id.* at p. 960.) We therefore reverse the trial court's order denying the petition as to defendant's murder conviction

and remand with directions to issue an order to show cause under section 1170.95, subdivision (c) and hold a hearing under section 1170.95, subdivision (d). We express no opinion about whether defendant is entitled to relief following the hearing.

## DISPOSITION

The trial court's order denying the petition for resentencing is reversed.  The case is remanded for the trial court to issue an order to show cause and hold a hearing to determine whether defendant is entitled to relief under section 1170.95.


                                            /s/
                                    RAYE, P. J.


We concur:


     /s/
ROBIE, J.


     /s/
HOCH, J.